PEOPLE v CABELLO

1. Appeal and Error—Criminal Law—Reversible Error—Confession of Error—Appellate Briefs.

A prosecutor who does not believe that a criminal conviction will stand up on appeal because of reversible errors during trial should confess error to the trial judge; failure of the prosecutor to file a brief on appeal is unfair to both the trial judge and the Court of Appeals.

2. Searches and Seizures—Evidence—Plain-View Doctrine—Legal Basis—Presence of Officer.

It must be shown that a police officer was in a place where he had a right to be before the plain-view doctrine may be invoked to admit seized evidence in a criminal trial.

Appeal from Saginaw, Fred J. Borchard, J. Submitted January 5, 1977, at Grand Rapids. (Docket No. 26989.) Decided March 2, 1977.

Jaime Cabello was convicted of possession of a controlled substance with intent to deliver. Defendant appeals. Reversed and remanded.

*Fred Martin, Jr.,* for defendant on appeal.

Before: Beasley, P. J., and R. B. Burns and J. H. Gillis, JJ.

Beasley, J. In a nonjury trial, defendant was convicted of possession with intent to deliver lysergic acid diethylamide (LSD), in violation of

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error § 545 et seq.
[2] 68 Am Jur 2d, Searches and Seizures §§ 23, 100–102.
Search and seizure: observation of objects in "plain view"—Supreme Court cases. 29 L Ed 2d 1067.

MCLA 335.341(1)(b); MSA 18.1070(41)(1)(b), and sentenced to not less than 2-1/2 nor more than 7 years in prison. He appeals as of right.

The prosecutor has not filed a brief. Failure to do so is deplored. It is unfair to both the trial judge and the appellate court because our adversary system contemplates, relies on, and works best with able advocates representing both the defense and the prosecution. If the prosecutor believes the conviction will not stand up on appeal because of reversible errors during trial, the prosecution should confess error to the trial judge.

In this case, the failure of the prosecution to file an appellate brief leaves this court with the serious issues raised by the defendant unanswered.

Defendant says that a state trooper received an anonymous telephone tip that defendant may have knowledge or may have been involved in an armed robbery where a small yellow vehicle was used.

The name, sex, identity or source of the informant was not known to either the state police post that received the telephone call or the officer. Without any evidence of unlawful activity on the part of the defendant, the officer stopped defendant, who was sitting in his car with two passengers, and asked the defendant for his driver's license. When defendant did not produce his license, the officer placed him under arrest for not having an operator's license on his person. After frisking the defendant, the officer observed, through the open car door, a roach clip with a burnt marijuana cigarette butt on the floor in front of the driver's seat and small pills scattered to the right of the driver's seat, "loosely laying about in the crack of the seat" as if thrown. The officer then seized the visual items and placed the other passengers under arrest after which he

searched the vehicle, finding in the glove box a plastic, clear baggie and four smaller baggies containing a quantity of purple pills. Although this testimony was contradicted by defendant and his passengers, for purposes of appellate review, this Court accepts the officer's version.

The trial court applied the plain view doctrine and refused to suppress the seized items. This was error. *People v Charles D Walker,* 385 Mich 565; 189 NW2d 234 (1971). In *Walker,* the Court said:

> "Since there was no showing at the preliminary hearing of probable cause to stop the Pontiac car, the plain view doctrine, even if applicable, could not come into play. Before the doctrine can be invoked, it must be shown the officer was in a place where he had a right to be." *People v Walker, supra,* 575. (Citations omitted.)

The same is true here. The record indicates neither a legal basis for the police officer to stop the car nor to arrest the defendant. Therefore, the items should have been suppressed and, without them, there was insufficient evidence to bind defendant over for trial.

Reversed and remanded for proceedings consistent with this opinion.